# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

**OILFIELD IMPROVEMENTS, INC.,** )
an Oklahoma corporation, and )
**HUGHES A. COSTON, an individual,** )
)
    **Plaintiffs,** )
)
vs. )  No. 10-CV-577-TCK-TLW
)
**HUGHES A. COSTON, JR., an individual,** )
**MICHAEL BRADLEY COSTON, an** )
**individual, and OILFIELD PRODUCTS LLC,** )
an Oklahoma limited liability company, )
)
    **Defendants.** )

## OPINION AND ORDER

Before the Court is Plaintiffs' Motion to Strike Portions of Second Amended Counterclaim (Doc. 68).

**I. Background**

Plaintiffs filed this case on September 13, 2010, asserting claims against Defendants for, *inter alia*, trademark infringement, theft of trade secrets, violation of the Oklahoma Deceptive Trade Practices and Uniform Trade Secrets Act, unfair competition, unjust enrichment, and conversion. Defendants thereafter filed their Answer and Counterclaim, asserting claims for false patent marking pursuant to 35 U.S.C. § 292(b), slander, declaratory relief, and abuse of process. Defendants filed an Amended Counterclaim on December 3, 2010, which omitted the abuse of process claim.

On September 16, 2011, the President signed the Leahy-Smith America Invents Act, Pub. L. No. 112-29, 125 Stat. 284 ("America Invents Act"). The America Invents Act amended 35 U.S.C. § 292(b) so as to repeal the basis for Defendants' false patent marking counterclaim. Defendants therefore sought and were granted leave to file a Second Amended Counterclaim in

order to eliminate their claim for false patent marking. According to Plaintiffs' counsel, he consented to Defendants' motion to file a Second Amended Counterclaim "on the understanding that Defendants would dismiss their false marking claim, including all of the allegations comprising the claim." (Pl.'s Mot. to Strike Portions of Second Am. Countercl. 2.)

## II. Discussion

Plaintiffs now seek to strike certain allegations included in paragraphs 13 and 19 through 32 of the Second Amended Counterclaim, arguing that such allegations relate solely to the withdrawn false patent marking claim. Pursuant to Federal Rule of Civil Procedure 12(f) ("Rule 12(f)"), a court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "Striking a pleading or part of a pleading is a 'drastic remedy and because a motion to strike may often be made as a dilatory tactic, motions to strike under Rule 12(f) generally are disfavored." *Sai Broken Arrow C, LLC v. Guardian Emergency Vehicles, Inc.*, No. 09-CV-0455-CVE-FHM, 2010 WL 132414, at *5 (N.D. Okla. Jan. 8, 2010) (citing *Burget v. Capital West Sec., Inc.*, No. CIV-09-1015-M, 2009 WL 4807619, at *1 (W.D. Okla. Dec. 8, 2009)); *see* 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1382 (3d. ed. 2012) (hereinafter *"Federal Practice & Procedure"*) (noting that "because federal judges have made it clear . . . that Rule 12(f) motions to strike . . . are not favored, often being considered purely cosmetic or 'time wasters,' there appears to be general judicial agreement, as reflected in the extensive case law on the subject, that they should be denied unless that the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action."). "'Allegations will not be stricken as immaterial under [Rule 12(f)] unless they have no possible bearing on the controversy.'" *Sai*

*Broken Arrow C., LLC*, 2010 WL 132414, at *5 (citing *The Bd. of Cnty. Comm'rs of the Cnty. of La Plata, Colo. v. Brown Grp. Retail, Inc.*, No. 08-cv-00855-LTB, 2009 WL 2514094, at *2 (D. Colo. Aug. 14, 2009)).

The targeted paragraphs of the Second Amended Counterclaim allege that Plaintiffs marked certain items – namely, wheel rod guides, packaging, and advertising – to reflect a patent for the wheel rod guides when they knew that no such patent existed. The Court disagrees with Plaintiffs' contention that these allegations are only relevant to the withdrawn false patent marking claim, as such allegations also provide support for Defendants' slander claim. Specifically, Defendants' slander claim alleges that Plaintiffs and/or Plaintiffs' agents told potential customers that Defendants' wheel rod guides violated the Plaintiffs' patent and that, at the time these statements were made, "Plaintiffs knew that [they] had no valid patent and that Defendants were not infringing any patent held by Plaintiffs." (Second Am. Countercl. 6.) Because the allegations that Plaintiffs seek to strike relate to Plaintiffs' knowledge of the existence of a patent, and because such knowledge is relevant to Defendants' slander claim, the Court is unwilling to find that the relevant allegations have "no possible bearing" on Defendants' remaining claims. *Sai Broken Arrow C., LLC*, 2010 WL 132414, at *5; *see also PAS Commcn's, Inc. v. U.S. Sprint, Inc.*, 112 F. Supp. 2d 1106, 1107 (D. Kan. 2000) ("If [a party] pleads evidentiary facts that aid in giving a full understanding of the complaint as a whole, they need not be stricken."). Nor have Plaintiffs demonstrated "significant prejudice" by the inclusion of the identified allegations. *Federal Practice & Procedure* § 1382.

### III. Conclusion

For the reasons outlined here, Plaintiffs' Motion to Strike Portions of Second Amended Counterclaim (Doc. 68) is DENIED.

**IT IS SO ORDERED this 15th day of May, 2012.**

_____
**TERENCE C. KERN**
**United States District Judge**